IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARLA TRAXLER,** | Civil No. 1:07-CV-1275 |
| Plaintiff, | JUDGE SYLVIA H. RAMBO |
| v. | |
| **MIFFLIN COUNTY SCHOOL DISTRICT,** | |
| Defendant. | |

# **M E M O R A N D U M**

Plaintiff Karla Traxler, a teacher at Mifflin County School District, commenced this action against the school district pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff alleges that Defendant retaliated against her after she engaged in protected activity by speaking out on behalf of disabled and Spanish-speaking students. Before the court is Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. The parties have briefed the issue, and the matter is ripe for disposition. For the reasons that follow, the motion to dismiss will be denied in part and granted in part.

---

[1] Plaintiff's complaint variously refers to both Title VI and Title VII of the Civil Rights Act of 1964. It is unclear whether Plaintiff's references to Title VI are typographical errors, or whether she asserts that retaliation for speaking out about perceived violations of Title VI is somehow actionable under Title VII. For the purposes of this opinion, the court will assume that Plaintiff is alleging a violation of Title VII.

## I. Background

### A. Facts

Plaintiff, a teacher at Mifflin County School District, alleges that she was retaliated against after speaking out on behalf of disabled and Spanish-speaking students who were denied educational opportunities based on race, color, and national origin. According to Plaintiff, after she complained, Defendants gave her poor evaluations, docked her points, and prohibited from teaching in the classroom. Additionally Plaintiff maintains that she was ostracized by fellow employees, and that school officials have treated her with hostility.

### B. Procedural History

#### 1. Administrative History

Before filing the instant complaint, Plaintiff filed a number of charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging discrimination and retaliation. At issue here are two charges, one exhausted and the other still pending before the EEOC and the PHRC.

##### a. Charge No. 530-2007-00323[2]

On October 2, 2007, Plaintiff filed a charge of discrimination with the EEOC alleging that she was retaliated against by Defendant after complaining about violations of the ADA. (Doc. 17 Ex. A at 3). In the charge, Plaintiff states that in March 2006, after previous oral complaints, she wrote a letter to the school board alleging that children suffering from ADHD, autism, and Asperger Syndrome, as

---

[2] Plaintiff's charges were dual-filed with the PHRC, which docketed each charge with a separate number. In this opinion each charge will be referred to by its EEOC charge number.

well as Spanish-speaking students, were not receiving a proper education or accommodations because Defendant failed to provide a classroom aid. (*Id.*) Plaintiff alleges that after she spoke out, Defendants removed points from her employee rating, and prohibited her from teaching in the classroom again. (*Id*.) She also alleges that during a teacher workshop, a number of other teachers went out to lunch and did not invite Plaintiff. (*Id.* at 4.) After the lunch, Plaintiff states that she was informed that the kindergarten teacher at the school would not "welcome [her] with open arms." (*Id.*) Plaintiff's submission was assigned charge number 530-2007-00323, and it was dual-filed with the PHRC where it was assigned case number 200603519. (*Id.* Ex. A at 7.) After investigating this charge, the EEOC issued a "right to sue" letter on April 17, 2007. (*Id.* Ex. F.) On July 17, 2007, the PHRC closed the case administratively. (*Id.* Ex. I.)

### b. Charge No. 530-2007-00408

On October 17, 2006, Plaintiff filed another charge of discrimination with the EEOC, which was docketed as Charge No. 530-2007-00408. (Doc. 17 Ex. B.) In this charge, Plaintiff alleged that after she filed previous charges of discrimination (including Charge No. 530-2007-00323),[3] she was retaliated against by Defendant. (*Id.*) In particular, Plaintiff alleges that in September 2006, she received a letter from Defendant accusing her of failure to follow protocol for taking time off for medical appointments. Additionally, Plaintiff alleges that since she made her complaints, the principal at the school district has treated her in a hostile

---

[3] In the charge, Plaintiff refers to a previous complaint filed "on or about September 27, 2006. . . . regarding retaliation complaining about students who are protected under the Americans with Disabilities Act." (Doc. 17 Ex. B at 4.) This appears to be a reference to Charge No. 530-2007-00323, which Plaintiff signed on September 20, 2006, and was stamped as received by the EEOC on October 2, 2006. (*Id.* Ex. A.)

3

manner by glaring at her, not speaking to her, and giving her "the cold shoulder." (*Id.*) This charge was also dual-filed with the PHRC. (*Id.* at 6.) Neither the EEOC nor the PHRC has issued a right to sue letter on this charge yet.

### 2. Federal Suit

On July 13, 2007, Plaintiff filed the instant complaint against Defendant, Mifflin County School District, alleging violations of Title VII, the ADA, and the PHRA. (Doc. 1.) On August 21, 2007, Defendant filed a motion to dismiss Plaintiff's unexhausted claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. (Doc. 4.) A brief in support of that motion was filed on September 10. (Doc. 10.) Plaintiff filed a response brief on September 18, 2007. (Doc. 17.) The matter has been fully briefed and is ripe for disposition.

## II.    Legal Standard: Motion to Dismiss

Defendant seeks to dismiss the unexhausted federal and state claims in Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. " 'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.' " *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)). A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Carpet Group Int'l v. Oriental Rug Imps. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000). This case presents a facial challenge because the parties do not dispute, at this juncture, the jurisdictional facts alleged in the complaint. *See* 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.30[4] (3d ed. 1999)

(explaining the difference between a facial and factual challenge to subject matter jurisdiction pursuant to Rule 12(b)(1)).  Therefore, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

The Third Circuit has held that failure to timely exhaust federal administrative remedies is an affirmative defense, and it does not deprive the court of jurisdiction.  *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87-88 (1999); *see also Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997); *Tlush v. Mfrs. Res. Ctr*, 315 F. Supp. 2d 650, 654 (E.D. Pa. 2002).  However, "[a] district court may rule on a Rule 12(b)(1) motion when on the face of the pleadings it is clear that administrative remedies have not been exhausted, but this rule is "inapplicable to the resolution of disputed issues of material fact with respect to the applicability of statutes of limitations.'"  *Robinson*, 107 F.3d at 1022 (citing *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986)).  In this case, 12(b)(1) is the appropriate standard of review of Plaintiff's Title VII and ADA claims because Plaintiff does not dispute that the second charge has not been exhausted, and there is no question of the applicability of the statute of limitations.  Additionally, 12(b)(1) is the appropriate standard to review Plaintiff's pendant state law PHRA claim because exhaustion of administrative remedies is a prerequisite to filing suit under that statute.  *See Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 919-20 (Pa. 1989).

As a final consideration, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient.  *See, e.g., Weston v.*

*Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.**     **Discussion**

Defendant argues that Plaintiff's retaliation claims pursuant to the ADA, Title VII, and the PHRA, outlined in EEOC Charge No. 530-2007-00408, should be dismissed because they are still pending at the federal and state administrative level. These arguments will be addressed in turn.

**A.**     **Federal Claims**

Prior to bringing a Title VII claim in federal court, an employee must first exhaust administrative remedies by filing a charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1). After the charge is filed, the EEOC has 180 days to investigate the complaint and attempt to resolve the dispute. § 2000e-5(b). Upon expiration of the 180 days, the employee has the right to bring suit in federal court, or wait for the agency to complete its investigation and issue a "right to sue" letter entitling the plaintiff to bring suit. § 2000e-5(f)(1). Once a "right to sue" letter has been issued, a plaintiff must bring suit in federal court within 90 days on those claims. § 2000e-5(f). The same exhaustion requirement applies for ADA claims. *Churchill v. Star Enterprises*, 183 F.3d 184, 290 (3d Cir. 1999).

The Third Circuit has held that "[w]here discriminatory actions continue after the filing of an EEOC complaint . . . the purposes of the statutory scheme are not furthered by requiring the victim to file additional EEOC complaints

6

and re-starting the 180 day waiting period. . . The relevant test in determining whether [a plaintiff] was required to exhaust her administrative remedies. . . is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984) (citing *Hicks v. ABT Assoc.*, 572 F.2d 960, 966 (3d Cir. 1978)). Furthermore, "the administrative process may be waived where the acts alleged 'are fairly within the scope' of a prior EEOC complaint." *Molthan v. Temple Univ. of Com. Sys. of Higher Ed.*, 778 F.2d 955, 960 (3d Cir. 1985) (citing *Waiters*, 729 F.2d at 237).

Whether an allegation in a civil complaint is "fairly within the scope" of an EEOC charge or would likely have resulted from the EEOC's investigation depends on the strength of the nexus between the claim filed with the EEOC and the claim in the civil complaint. *Galvis v. HGO Servs.*, 49 F. Supp. 2d 445, 449 (E.D. Pa. 1999). Discriminatory actions that occur after a plaintiff filed an EEOC charge are generally deemed to be fairly within the scope of the original charge because the investigation would reasonably pick up information about these actions. *E.g.*, *Waiters*, 729 F.2d at 237 (retaliation and discharge); *Albright v. City of Phila.*, 399 F. Supp. 2d 575, 584-85 (E.D. Pa. 2005) (retaliation).

Here there is no dispute that Plaintiff exhausted her administrative remedies with respect to Charge No. 530-2007-00323 before both the EEOC and the PHRC. Additionally, it is clear that Charge No. 530-2007-00408, which is still pending before the EEOC, is fairly within the scope of Plaintiff's earlier charge because it concerns retaliatory actions that occurred shortly after Plaintiff made her initial charge, and it references the previous charge. Accordingly, Defendant's

motion to dismiss these claims for failure to exhaust administrative remedies will be denied.

### B. PHRA Claims

Prior to filing a suit pursuant to the PHRA, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the PHRC. 43 Pa. Cons. Stat. Ann. § 962(c)(1); *see also Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 920-21 (Pa. 1989). If the PHRC does not act on the charge within one year, or if the PHRC dismisses the charge within that year, then that claim is exhausted and the plaintiff may bring suit. *Price v. Phila. Electric Co.*, 790 F. Supp. 97, 99 (E.D. Pa. 1992); *Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 656-57 (E.D. Pa. 2002). Under the PHRA—unlike Title VII or the ADA—every separate charge must be exhausted, regardless of whether a subsequent charge is fairly within the scope of a previous one. *Snyder v. Pa. Ass'n of School Retirees*, 566 A.2d 1235, 1241-42 (Pa. Super. 1989).

Defendant argues that Plaintiff's pendant state law PHRA claims arising out of EEOC Charge No. 530-2007-00408 should be dismissed for failure to exhaust administrative remedies. At the time this suit was commenced, a year had not elapsed since Plaintiff filed EEOC Charge No. 530-2007-00408. Nor has the PHRC dismissed the charge and closed its case file, as it did for Plaintiff's previous charge. Plaintiff claims that the PHRC closed the charge administratively, citing a letter from the PHRC dated July 17, 2007. (Doc. 17 Ex. I.) However, that letter closed only the initial charge of retaliation, not Charge No. 530-2007-00408. Plaintiff never requested that the PHRC close the file concerning this charge, nor did the PHRC ever do so.

Nevertheless, Plaintiff claims that the PHRC waived the opportunity to investigate the charge pursuant to its work share agreement with the EEOC, and this waiver constitutes exhaustion of her claim. Plaintiff misunderstands the nature and purpose of the work share agreement. Under this agreement, which the PHRC outlined in its letter to Plaintiff (*see* Doc. 17 Ex. C at 3), the PHRC may waive its initial 60 day period of exclusive jurisdiction to investigate charges which are dual-filed with the EEOC. *See* 42 U.S.C. 2000e-5(d). Thus, pursuant to the agreement, the EEOC may investigate a claim right away, without waiting for the 60 days to elapse. However, the PHRC's waiver of the initial 60 day investigative period does not mean, as Plaintiff claims, that "the PHRC was not conducting any investigation and, as such, no administrative remedy would ever have been forthcoming therefrom." (Doc. 17 at 7.) To the contrary, in its communication with Plaintiff, the PHRC expressly reserved its right to investigate the claim at some further time, and informed Plaintiff that she would be notified of her right to file suit if a year elapsed without action on the part of the agency. (*Id.* Ex. C at 3.) Accordingly, because Plaintiff has not exhausted her administrative remedies with respect to her PHRA claim arising out of EEOC Charge No. 530-2007-00408, that claim will be dismissed without prejudice.

## IV.    Conclusion

In accordance with the foregoing discussion, Defendants' motion to dismiss will be denied in part and granted in part. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 17, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARLA TRAXLER,** | **Civil No. 1:07-CV-1275** |
| **Plaintiff,** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **MIFFLIN COUNTY SCHOOL DISTRICT,** | |
| **Defendant.** | |

## **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion to dismiss (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The motion is **GRANTED** with respect to Plaintiff's PHRA claim arising out of EEOC Charge No. 530-2007-00408, which is **DISMISSED WITHOUT PREJUDICE**;

(2) The motion is **DENIED** with respect to all other claims.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: March 17, 2008.