IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARLA TRAXLER,** | : Civil No. 1:07-CV-1275 |
| **Plaintiff,** | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| **MIFFLIN COUNTY SCHOOL DISTRICT,** | : |
| **Defendant.** | : |

# **M E M O R A N D U M and O R D E R**

The background of this order is as follows. On March 17, 2008, this court granted in part and denied in part Defendant's motion to dismiss. (Doc. 22.) Defendant was required to file an answer to the remaining claims in Plaintiff's complaint by March 31, 2008, ten days after the disposition of the motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A). However, acting under the erroneous belief that Plaintiff was required to file an amended complaint before an answer was necessary, Defendant failed to file an answer by that date.

Almost three months later, in the late afternoon of Friday, June 26, 2008, Plaintiff filed a request for entry of default with the Clerk of Court (Doc. 23) and a motion for default judgment (Doc. 24).[1] Prior to filing these motions, Plaintiff failed to notify Defendant of her intention to request default judgment or to seek Defendant's concurrence in the request as required by this court's local rules. *See* M.D. Pa. Local R. 7.1. After the motions were filed, Defendant immediately

---

[1] This is Plaintiff's second such request in this case. The first was made after Defendant filed a supporting brief to its motion to dismiss three days late. Plaintiff argued that she was entitled to default judgment because the local rules state that a motion shall be deemed withdrawn if a supporting brief is not timely filed. The motion for default judgment was denied because the filing error was the result of an honest mistake by Defendant in calculating the time available to file the supporting brief.

responded by filing a flurry of documents including a motion to set aside judgment (Doc. 26), a brief in opposition to the motion for default judgment (Doc. 27), an answer to the complaint (Doc. 29), an amended motion to set aside default judgment (Doc. 30), an amended brief in opposition to Plaintiff's application for entry of default judgment (Doc. 31), and a brief in support of the motion to set aside default (Doc. 32). Plaintiff then filed a brief in opposition to Defendant's motion to set aside judgment (Doc. 33) which was soon followed by Defendant's reply brief to its motion to set aside judgment and amended motion to set aside default (Doc. 34). Altogether, this dispute has generated nine documents, filed over the course of four business days and totaling more than sixty pages.

Default judgment is a drastic remedy which is disfavored by the courts. Whenever it is reasonably possible, cases should be decided on the merits. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). In the Third Circuit, "[t]hree factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz*, 732 F.2d at 1181. Culpable conduct is that which is taken willfully or in bad faith. *Chamberlain*, 210 F.3d at 164.

Default judgment is not appropriate in this case. There is no evidence that Defendant acted willfully or in bad faith in failing to file an answer. Instead, Defendant's omission appears to be the result of a careless mistake by defense counsel that does not rise to the level of culpability required for a default judgment. The court does not credit Plaintiff's claim that she has been prejudiced by the fading

memory of witnesses in the three month interim.  Moreover, even if memories have faded, it is clear that Plaintiff's counsel, who made no effort to contact Defendant prior to seeking default judgment, shares the blame for any delay.  Default judgment is inappropriate in this case and will not be granted.

In the alternative, Plaintiff requests the sanctions of precluding Defendant from taking any discovery in this matter and granting Plaintiff's counsel attorney's fees for the costs of requesting and defending the motion for default judgment.  These requests will be denied.  Like a default judgment, these proposed alternative sanctions are extreme and disproportionate to the magnitude of Defendant's error.  This case will be decided on its merits.

The court must take this opportunity to admonish counsel for both parties for their conduct in litigating this case.  It is apparent that the instant dispute could have been avoided through the exercise of professionalism on both sides.  Defense counsel should have paid strict attention to the procedural rules and deadlines set forth in both this court's local rules and the Federal Rules of Civil Procedure, and filed a timely answer to Plaintiff's complaint.  Plaintiff's counsel should have communicated with defense counsel much earlier, so that this dispute could have been resolved without the intervention of the court.  Such communication is not simply a courtesy—it is mandated by this court's local rules, s*ee, e.g.*, M.D. Pa. Local R. 7.1 (requiring counsel to seek concurrence in all pretrial motions), and the Code of Professional Conduct for lawyers admitted to practice in this district, *see* M.D. Pa. Local R. App. C.   In the future, counsel shall cooperate, communicate, and conduct themselves as professionals.

Accordingly, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's request for entry of default (Doc. 23) and motion for default judgment (Doc. 24), are **DENIED**;

(2) Defendant's motion to set aside judgment (Doc. 26) and amended motion to set aside default (Doc. 30) are **DENIED AS MOOT**;

3) A conference call will be held on Monday, July 14, 2008 at 9:30 a.m. to determine whether a new case management schedule is required. Plaintiff shall place the call. The chambers telephone number is 717-221-3960.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: July 3, 2008.